THIS is a writ of error brought by the Thompsons and. Parks to reverse a judgment recovered against them in the Greenup circuit court.
The suit was brought in that court by the Wards against the Thompsons, and judgment was rendered against them and Parks, the sheriff by whom the process was executed.
The original writ issued to the sheriff of Greenup ponn.y. and was returned by the sheriff, not found’. An alias writ was also issued to the sheriff of Greenup, endorsed to be executed on but one of the defendants, and was returned by the sheriff, no inhabitant. After the alias was returned, a pluries capias was issued against both of the defendants, directed to the sheriff of Fleming county, and was returned executed by tiie sheriff of that county. It was upon the return of the pluries, that the judgment which is sought to be reversed was rendered by the circuit court.
2. Wt apprehend it was palpably irregular for the circuit court of Greenup county to render judgment upon (lie execution of the. pluries by the sheriff of Fleming county. If either of the defendants had resided in the county of Greenup, it would no doubt have been competent for the plaintiffs to have caused a writ *157 to have issued from the clerk’s office of Greenup, to any other county where the other defendant might be found ;■ and after the service of process on the resident defendant, it would have been correct to render judgment against all of the defendants, though the writ might have been served on the other defendí*nts by the sheriff of any county to whom directed. But, in this case, there was no -jet;vice of process by the sheriff of Greenup, on either of the defendants, and there is nothing apparent from the record, to justify the emanation of the writ to Fleming, against botlji of the defendants. If. after the commencement of the action in the county of Greenup, the defendants had removed from that county, it would have been regular to send thephtries to Fleming, or an? other county; but the propriety of doing so, would ¡hen be justified only by the act of the session of 1811*: and according to the provisions of that act, the fact of removal should be certified by the sheriff of the county in which the action is brought, to authorise another writ to be sent to any other county ; and in this case no such certificate was made by the sheriff of Greenup, where the action was commenced. (
Where, after the commenceiwnt of the suit, the defendants remove into another cou Uy, and that fact appears by the sheriff’s return -he plaintiff may, Miuler the act oi 181 i- send the subsequent process to the county to which they shall have removed.
The judgment must be reversed with costs.

 1 Dig. 263.4.